650

## Larsen-Richter Co. v. Nertney

*V. J. Dalton*, for plaintiff; *B. J. Duffy*, for defendant.

HICKS, P. J., December 12, 1932.—This suit was originally brought before a justice of the peace for the sum of $224. Judgment was rendered against the defendant, and an appeal was taken by her to this court, which was entered on December 12, 1931. A statement of claim was filed on May 6, 1932, and 17 days later a rule was awarded to show cause why the statement should not be stricken off, returnable June 13, 1932. This rule was discharged by this court, and an affidavit of defense to the whole of the plaintiff's claim was filed by the defendant on August 5, 1932. On September 13, 1932, a rule issued out of this court, directed to the plaintiff, to show why security for costs should not be entered in compliance with rule 15 of the Schuylkill County Court Rules, returnable September 19, 1932. This rule is now before us for disposition.

Rule 15 of our court rules provides as follows: "1. In cases where the plaintiff resides out of the State at the time of suit brought, . . . , the defendant, on filing a sufficient affidavit of defense in actions in which an affidavit of defense is required, . . . against the whole of the plaintiff's demand, may enter a rule, of course, for security for costs; in default of security being entered at the time named by the rule, judgment of nonsuit may be entered." This rule is identical with rule no. 80 of our new rules of court, effective January 1, 1933. It is admitted that the plaintiff has always been a nonresident, but it is urged by the plaintiff that this rule does not apply because this is a case which has reached this court upon appeal by the defendant from a judgment before an alderman, and further because the request for security was made after the case had been placed on the trial list. Even if the case had been placed upon the trial list, it is not contended that this rule worked a continuance of that case, and it is certainly not on any trial list now, so that no delay will occur through the granting of this rule. The other contention is equally untenable. It is of no consequence that this action was originally brought before an alderman and has reached this court upon an appeal by the defendant. The proceedings are de novo and the plaintiff is a nonresident. Further, the defendant has complied with the requirements of the rule, having filed an affidavit of defense to the whole of the plaintiff's demand which remains unchallenged.

And now, December 12, 1932, the rule heretofore issued in this case is made absolute, and the plaintiff is directed to enter security for costs in the sum of $50 within 20 days from this date, in default of which judgment of nonsuit shall be entered.

From M. M. Burke, Shenandoah. Pa.